**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
THE SECRETARY OF THE U.S. DEPARTMENT
HOUSING AND URBAN DEVELOPMENT
*an agency of the United States of America,*

Plaintiff,

-against-

NASSAU COUNTY PUBLIC ADMINISTRATOR
*as Limited Administrator of the Estate of Archie Coleman, deceased,* PHILLIS WESLEY, HERSCHEL JOHNSON, JAMES MICHAEL COLEMAN, DENISE COLEMAN *also known as Denise Ulmer,* NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, PEOPLE OF THE STATE OF NEW YORK and JOHN DOE # 1-5 AND JANE DOE # 1-5 *said names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein,*

Defendants.
---------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 25-5951 (AMD) (ARL)

**LINDSAY, Magistrate Judge:**

This matter has been referred to the undersigned for the purpose of issuing a report and recommendation as to whether the proposed Judgment of Foreclosure and Sale should be entered. For the reasons set forth below, the undersigned respectfully recommends that the plaintiff, The Secretary of U.S. Department Housing and Urban Development ("HUD"), be awarded a Judgment of Foreclosure and Sale, under the supervision of a referee to be selected by Judge Donnelly, reflecting the following amounts to be awarded: (a) principal in the amount of $248,807.29; (b) interest through January 9, 2026, in the amount of $293,777.45; (c) service charges of $13,930.00; (d) mortgage insurance premium in the amount of $37,007.81; and costs in the amount of $ 2,226.55.

## BACKGROUND

HUD commenced this action on October 23, 2025, against the defendants, Nassau County Public Administrator, as Limited Administrator of the Estate of Archie Coleman a/k/a Archie Suelena Coleman ("Coleman"), deceased; Phillis Wesley ("Wesley"), Herschel Johnson ("Johnson"), James Michael Coleman ("J. Coleman"), Denise Coleman a/k/a Denise Ulmer ("D. Coleman"), New York State Department of Taxation and Finance, People of the State of New York and John and Jane Does, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq.,* seeking to foreclose on a mortgage encumbering the property commonly known as 51 East Davis Street, Roosevelt, NY 11575 a/k/a 51 Davis Street, Roosevelt, NY 11575 (the "premises').[1] This action involves a Home Equity Conversion Mortgage ("HECM"), also known as a reverse mortgage on the premises. Compl. ¶ 3. On or about October 1, 1993, Coleman executed and delivered to Home Mortgage Corporation ("HMC"), an Adjustable Rate Note and, as collateral for that Note, a Mortgage in the amount of $174,000. *Id.* ¶ 8. The Mortgage was recorded in the Nassau County Clerk's Office on October 28, 1993, in Liber Book: 15648, Page: 0799. *Id.* ¶ 9. On October 1, 1999, HMC assigned the Mortgage to Seattle Mortgage Company. *Id.* ¶ 12. The assignment was recorded on August 2, 2000, in the Nassau County Clerk's Office, in Liber Book: M 20454, Page: 980. *Id*. Ex. C. Seattle Mortgage Company then assigned the Mortgage to HUD on November 8, 2000. *Id.* ¶ 13. That assignment was recorded on December 5, 2000, in the Nassau County Clerk's Office, in Liber Book: M 20656, Page: 430. *Id*. Ex. D.

The Note provides that HUD may require immediate payment in full of all outstanding principal and accrued interest, if a Borrower dies and the Property is not the principal residence

[1]A Notice of Pendency was filed in the Nassau County Clerk's Office. Manfredi Decl. Ex. G.

of at least one surviving Borrower. *Id.* ¶ 15, Ex. B ¶ 7(a). Coleman died on November 7, 2011. *Id.* Ex. A. The premises is not occupied by a surviving borrower but is occupied by D. Coleman, Coleman's heir. *Id.* ¶ 18, 28.

An Administration Petition was filed by HUD in the Nassau County Surrogate Court, requesting that Limited Letters of Administration be issued to the Nassau County Public Administrator to accept service of process on behalf of the decedent's estate in this foreclosure lawsuit. *Id.* ¶ 24. The petition was granted. *Id.* Ex. E. Accordingly, the Nassau County Public Administrator is a defendant for Coleman, the record owner and original obligor of the Note secured by the Mortgage. *Id.* ¶ 27. D. Coleman is an heir to the Estate of Archie Coleman and occupies the premises. *Id*. ¶ 28. J. Coleman, Johnson and Wesley are also heirs to the Estate of Archie Coleman. *Id*. ¶¶ 29-31. J. Coleman resides in Maryland. *Id*. ¶ 29. Johnson and Wesley reside in Michigan. *Id*. ¶¶ 30-31. The People of the State of New York were named as defendants because the People are possible subordinate lienors by virtue of a judgment in the amount of $250.00 against Deven Coleman and James D. Coleman, residing at 16 Angevine Avenue, Hempstead, NY 11550, recorded on February 26, 2019. *Id.* ¶ 32. New York State Department of Taxation & Finance was named as a defendant because it is a possible subordinate lienor for potential unpaid New York State Estate Taxes against the Estate of Archie Coleman. *Id.* ¶ 33.

Pursuant to provisions of Sections 1304 and 1306 of RPAPL, on April 16, 2025, HUD mailed a 90-day notice, by first and certified mail, to D. Coleman (Denise Ulmer) advising her of the reverse mortgage on the property. *Id.* ¶ 36, Ex. F. HUD also properly served the Summons and Complaint on the defendants. ECF Nos. 8-13, 21. Of particular note, D. Coleman was personally served pursuant to C.P.L.R. 308 by delivery to a person of suitable age and discretion

at the premises, described as her 24-year old granddaughter, Amiyah Denis, and mailing the summons to her at the premises. ECF No. 11

On December 15, 2025, December 19, 2025, December 29, 2025, and January 6, 2026, HUD requested Certificates of Default from the Clerk of Court. ECF Nos. 14-17, 19-20, 23. On January 20, 2026, following the Clerk's entries of defaults, *see* ECF Nos. 18, 22, 24, HUD moved for default judgment. HUD properly mailed the motion and all accompanying motion papers to the defendants on the same day. ECF No. 25-17. To date, the defendants have not appeared, answered, or otherwise responded to the complaint or to the motion for a default judgment.

## DISCUSSION

### A. Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default

judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

**B. Liability**

**1. Claims against the Limited Administrator and Coleman's Heirs**

Usually, "[o]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Leap*, CV 11–4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), report and recommendation adopted 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014). Here, HUD has presented the requisite documentation to establish a *prima facie* case, including the mortgage, the note, and the notices of default. In addition, none of the defendants have appeared to contest HUD's right to foreclose. *See Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Kings Cnty. Pub. Adm'r,* No. 22 CV 07925 FB RER, 2023 WL 7169000, at *3 (E.D.N.Y. Sept. 13, 2023), report and recommendation adopted, No. 22-CV-7925-FB-RER, 2023 WL 7167515 (E.D.N.Y. Oct. 31, 2023). Therefore, it is respectfully recommended that a default judgment be entered against them.

**2. Claims against the People of New York and the New York State Department of Taxation and Finance**

As indicated above, the complaint also names the People of the State of New York and the New York State Department of Taxation and Finance as defendants because they are alleged to have a possible interest in the subject property. Compl. ¶ 32, 33. RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 803 N.Y.S.2d 95, 98 (2d Dep't 2005)). Courts in this district have found that entry of default judgment "is appropriate where the complaint alleges 'nominal liability -- i.e., that any judgments the [d]efaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" *Id.* (quoting *Christiana Bank & Trust Co. v. Dalton*, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009)). Here, the complaint contains well-pleaded allegations of nominal liability on the part of these non-mortgagor defendants. Compl. ¶¶ 32-33. The undersigned, therefore, respectfully recommends that a default judgment also be entered against the People of the State of New York and the New York State Department of Taxation & Finance.

**C. Damages**

HUD seeks $248,807.29 in principal owed on the note, as well as interest at a rate of 5.21% through January 9, 2026, in the amount of $293,777.45, a service charge as set forth in the HUD Handbook 4330.1 in the amount of $13,930.00, a mortgage insurance premium in the

amount of $37,007.81 and costs in the amount of $2,226.55. Collins Aff. ¶ 26. In support of its claim for damages, HUD has submitted the Affidavit of William Collins, a Director of Single Family Asset Management, Servicing and Loss Mitigation Division for HUD. None of the defendants have objected to Collins' calculations despite being served with a copy of the motion papers. After reviewing the record, the Court finds that an evidentiary hearing is not necessary and respectfully recommends that a judgment should be entered in HUD's favor in the amount of $593,522.55.

**CONCLUSION**

For the reasons set forth above, the undersigned respectfully recommends that: (1) the Court grant HUD's motion for a default judgment; (2) the Court order the foreclosure and sale of the premises; (3) the Court appoint the proposed referee to conduct the sale; (4) HUD be awarded the balance sought of $593,522.55 from the proceeds of the sale; (5) HUD be awarded $2,226.55 in costs; (6) HUD be awarded post-judgment interest in the amount to be calculated by the Clerk of the Court pursuant to 28 U.S.C. § 1961; and (7) the defendants "John Doe #1-5" and "Jane Doe #1-5" be dismissed from this action.

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72;

*Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 11, 2026

______/s/_______________
ARLENE R. LINDSAY
United States Magistrate Judge